# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAIME BLUMER, et al. ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. |
| ACU-GEN BIOLABS, et al. ) | 06-10359-FDS |
| Defendants. ) | |

## MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR EXPENSES AND ATTORNEY'S FEES AND DEFENDANT'S MOTION FOR A JURY TRIAL

**SAYLOR, J.**

This is an action involving an allegedly defective product that purportedly predicted the gender of fetuses. Plaintiffs have moved for attorney's fees and expenses after their voluntary dismissal of the action.

The "Baby Gender Mentor Kit" was developed by defendant C. N. Wang and purportedly detects the gender of a fetus through genetic analysis of maternal blood samples. Defendant Acu-Gen Biolabs (owned and operated by Wang) manufactured, marketed, and sold the Gender Mentor, and defendants Sherry Bonelli, Pregnancy Store, and Mommy's Thinkin', Inc., were involved in distribution of the product. Plaintiffs alleged that defendants falsely claimed the product was 99.9% accurate, failed to provide refunds as represented, and caused consequential damages averaging $1,000 per customer.

Following the dissolution of Acu-Gen in 2010, plaintiffs apparently determined that the

case was no longer financially viable.  (*See* Sep. 3, 2010 Tr. at 4).  On November 17, 2010, the Court granted plaintiffs' motion to decertify the class and dismiss the case without prejudice pursuant to Fed. R. Civ. P.  41(a)(2).  Plaintiffs have now moved for an order awarding expenses and limited attorney's fees.  Defendant Wang, proceeding *pro se*, has filed a "motion to request a jury trial," which appears to oppose plaintiff's request.  For the reasons given below, plaintiffs' motion will be denied, and defendants' motion will be denied as moot.

I.  **Discussion**

Plaintiffs have moved for an order requiring defendants to pay expenses of $7,844.93 and attorney's fees of $11,500.  In support, they contend that defendants Wang and Acu-Gen reneged on a 2006 settlement agreement that would have required them to pay all of plaintiffs' expenses and $115,000 in attorney's fees.  They also contend that the litigation has conferred a benefit on class members, 521 of whom received refunds after commencement of the suit.[1]

Absent contrary law, "parties to a case normally will bear their own counsel fees and costs."  *Hutchinson ex. rel. Julien v. Patrick*, 2011 WL 540538, at *3 (1st Cir. Feb. 17, 2011) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 245 (1975)).  Although plaintiffs fail to cite any authority for their request, they apparently make three arguments why the Court should not follow the general rule in this case.

First, plaintiffs appear to argue that the Court has discretion to award costs and fees upon voluntary dismissal, and that it should use this discretion to award fees and costs to them here. Fed. R. Civ. P. 41(a)(2) "permits a trial court to grant a dismissal without prejudice upon such terms and conditions as the court deems proper."  *Puerto Rico Maritime Shipping Authority v.*

---

[1] Prior to commencement of the suit, only 29 refunds had been given.

*Leith*, 668 F.2d 46, 51 (1st Cir. 1981) (quoting *Cone v. West Virginia Paper Co.*, 330 U.S. 212, 217 (1947)). Because of this, "the decision of whether or not to impose costs . . . lies within the sound discretion of the district judge, as does the decision to impose attorney's fees." *Id.* (internal citations omitted).

The rule, however, is intended to compensate *the defendant* in light of a plaintiff's voluntary dismissal of its claims. *id.*; *Less v. Berkshire Housing Servs., Inc.*, 2000 WL 1615740, at *5 (D. Mass. Sep. 8, 2000); *see Balch v. Specialized Bicycle Components, Inc.*, 2000 WL 1745161, at *1 (D. N.H. Oct. 31, 2000) ("[T]he court's ability to impose conditions is intended to cure any prejudice caused the defendant by the plaintiff's voluntary dismissal."); *Read Corp. v. Bibco Equipment Co.*, 145 F.R.D. 288, 290 (D. N.H. 1993) ("[A]n award of attorneys' fees is appropriate when an action is dismissed without prejudice, and subject to relitigation, in order to reimburse defendant for expenses incurred in preparing work product that cannot be used in defending the resurrected cause of action."). Where there is no prejudice to the defendant, the rule contemplates having each party bearing its own expenses and fees. *See Read Corp.*, 145 F.R.D. at 291 (because voluntary dismissal was based on defendant corporation's dissolution, it was inappropriate to require plaintiff to pay defendant's costs). Thus, this rule has no application here.

Second, plaintiffs appear to argue that defendants acted in bad faith by reneging on the settlement agreement. "[A] court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *Picciotto v. Zabin*, 399 Fed. Appx. 604, 606 (1st Cir. 2010). However, although it is undisputed that the parties attempted to reach agreement, no signed settlement agreement was

3

ever placed in the record, and correspondence indicates that the parties never fully agreed on the terms. (*See, e.g.*, Pl. Mot. to Enforce Settlement Exs. I, O, P, S). As a result, this Court (Young, J.) denied plaintiffs' motion to enforce the settlement agreement on September 16, 2008. Thus, there is no evidence that defendants' actions rose to the level of bad faith or vexatiousness required for the Court to award attorney's fees under this rule.

Finally, plaintiffs argue that the suit provided a benefit to class members because it prompted defendants to issue 521 refunds. Under the "common fund exception," a court may "award attorney's fees to a party whose litigation efforts directly benefit others." *Chambers*, 501 U.S. at 45 (citing *Alyeska*, 421 U.S. at 257-58). However, this exception is intended to spread costs among the *benefiicaries* of the litigation, and fees awarded under this rule are taken from a common fund or from the parties enjoying the benefit, not from the defendant. *Alyeska*, 421 U.S. at 258. Therefore, this rule also does not apply here.[2]

In the absence of any legal authority permitting the awarding of costs to plaintiffs, the usual rule will be applied, and the parties shall bear their own attorney's fees and expenses. Plaintiffs' motion will therefore be denied.

## II. Conclusion

For the foregoing reasons, plaintiffs' motion for costs and attorney's fees is DENIED. Defendant Wang's "motion to request a jury trial" is DENIED as moot.

---

[2] Prior to *Alyeska*, some federal courts also recognized a "private attorney general" theory as an additional basis for recovery of fees and costs "[w]hen private litigants vindicate a strong public policy and provide widespread public benefit through their efforts." *Incarcerated Men of Allen County Jail v. Fair*, 507 F.2d 281 (6th Cir. 1974); *see Bradley v. School Board of Richmond*, 416 U.S. 696 (1974). However, *Alyeska* rejected the existence of such general authority in the federal courts. *Alyeska*, 421 U.S. at 263.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor |
|  | F. Dennis Saylor IV |
| Dated: April 8, 2011 | United States District Judge |